UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| In re | ) | |
|---|---|---|
| | ) | |
| AVI S. ROSEN & | ) | Case No. 05-56957-293 |
| CHANA ROSEN, | ) | Chapter 7 |
| | ) | Motion No. 19 |
| Debtors. | ) | |

### O R D E R

This case is before the Court on Trustee's objection to Chana Rosen's (the Debtor) claim of exemption of a trust in which she is the beneficiary. (the "Trust"). Because the Trust property is not exempt from attachment or execution under Missouri law, the Court will sustain Trustee's objection.

The facts of the case are undisputed. Debtor's mother established the Trust in her will dated November 21, 1995. (the "Will"). Under the terms of the Will, the Trust received one-third of Debtor's mother's probate estate. The Trust provides that the trustees of the Trust must pay one-tenth of the original Trust res per year to Debtor. Also, the res of the Trust is held in the form of cash at a bank located in Iowa. (the "Bank Account")

Debtor and her husband filed their joint petition for relief on October 11, 2005. As of the petition date, the Bank Account had a balance of approximately $21,000.00.

Debtor filed an amended Schedule C contending that the remaining balance in the Bank Account was exempt from execution or attachment under Missouri law. Trustee filed an objection to Debtor's claim of exemption. The Court will sustain Trustee's objection for the following reasons.

Missouri has exercised its option under 11 U.S.C. §522(b)(2) to opt out of the Bankruptcy Code's exemption scheme. Thus, a debtor domiciled in Missouri may only exempt property from a bankruptcy estate that is exempt from execution or attachment under Missouri law or federal law outside of the Bankruptcy Code. Mo. Rev. Stat. §517.427.

Debtor argues that because the Bank Account is located outside of Missouri, it is exempt from execution or attachment under Missouri law. Debtor premises her position on the theory that the Bankruptcy Appellate Panel's decision in In re Benn, 340 B.R. 905 (B.A.P. 8th Cir. 2006) somehow expands the definition of what is an exempt asset under Mo. Rev. Stat. §513.427.[1]

The BAP in In re Benn, however, merely held that because unpaid tax refunds are exempt from execution or attachment under the Internal Revenue Code, those refunds are exempt under federal law outside of the Bankruptcy Code for purposes of

---

[1]    The Court notes that the Chapter 7 Trustee appealed the BAP's decision in Benn to the Eighth Circuit. That appeal is currently under submission.

2

§517.427. <u>Benn</u>, 340 B.R. at 911. Therefore, nothing in <u>Benn</u> suggests that §517.421 affects the substantive analysis of what assets a debtor domiciled in Missouri may exempt from the bankruptcy estate. Rather, <u>Benn</u> only points out the fact that §517.427 dictates that Missouri law and federal law outside of the Bankruptcy Code governs that analysis. <u>Id</u>. at 912 (Venters, J., concurring).

In this case there is no dispute that Debtor is domiciled in Missouri. Also, because Missouri has opted out of the Code's exemption scheme, the Court will apply Missouri's substantive exemption law without reference to the its choice of law principles. <u>In re Drentell</u>, 403 F.3d 611, 614-15 (8th Cir. 2005). Thus, although the Bank Account is located outside of Missouri, the Court will apply Missouri's substantive exemption law to determine whether the Trust property is exempt from execution and attachment for purposes of §517.427.

Debtor has failed to point to any Missouri statute or common law principle that would exempt her interest in the Bank Account from attachment or execution. In fact, because the Trust in question is not a spendthrift trust, her interest in the Bank Account is clearly within the reach of her creditors under Missouri law. <u>McNeal v. Bonnel</u>, 412 S.W.2d 167, 170-71 (Mo. 1967). Also, the fact that the Bank Account is located outside of Missouri does not render that asset exempt from execution or attachment under Missouri law. <u>In re Garrett</u>, 2006 WL 1522725, *1 (Bankr. W.D.

3

Mo. May 26, 2006). The remaining balance in the Bank Account that constitutes the

Trust property, therefore, is subject to execution under Missouri law.

Accordingly,

**IT IS HEREBY ORDERED that** Trustee's Objection to Debtor's Claim of

Exemption (Motion No. 19) is **SUSTAINED**.


DATED:  November 20, 2006

St. Louis, Missouri

David P. McDonald
United States Bankruptcy Judge


Copy mailed to:

Avi S Rosen                                      Office of U.S. Trustee
Chana Rosen                                   111 South Tenth Street
8041 Blackberry Ave                       Suite 6353
St.Louis, MO 63130                        St. Louis, MO 63102

Charles H. Huber
Charles H. Huber Law Firm
500 Northwest Plaza, Ste. 911
St. Ann, MO 63074

Tracy A. Brown
Pamela Leonard
1034 S. Brentwood Blvd., Ste 1830
St. Louis, MO 63117

U.S. Trustee